UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GARY LA BARBERA, et al.,　　　　　　　　　　**R E P O R T   A N D**
　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**
　　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　　　　　　07 CV 3043 (NG)
- against -

FEDERAL METAL & GLASS CORP.,

　　　　　　　Defendant.
-------------------------------------------------------X

Plaintiffs filed this action on July 24, 2007 against defendant Federal Metal & Glass Corp. ("Federal"), pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. Defendant failed to file an answer or otherwise move with respect to the Complaint in a timely manner, and the Clerk of the Court entered a default on March 7, 2008. By Order dated March 21, 2008, the Honorable Nina Gershon, United States District Judge, granted a default judgment to plaintiffs and referred the matter to the undersigned to conduct an inquest on damages. The undersigned issued a Report and Recommendation ("R&R") on March 10, 2009, recommending that (1) an injunction issue requiring Federal to submit to an audit within 30 days, and (2) if Federal fails to comply with such an injunction or has failed to maintain the records necessary to perform the audit, then damages be awarded in the amount of $42,157.80. The second recommendation, however, was conditioned on plaintiffs' submission of additional documentation supporting its request. Plaintiff has now provided such documentation, and the Court supplements its recommendations as described below.

The Court noted in its R&R that in plaintiffs' initial submission, plaintiffs' accountant, Mr. Jones, who prepared an audit identified as #07-0051-E, had failed to state the basis on which

he estimated delinquent contributions for months in which Federal had not submitted any reports. (R&R at 13). Plaintiffs supplemented their initial papers with a chart from an audit conducted by another accounting firm identified as #05-0218, but the Court noted that "[i]n the absence of an affidavit explaining the basis and origin of this chart, and in the absence of a statement from Mr. Jones that he based his estimated audit on these figures compiled by another firm or independently verified the other firm's findings, the Court can only surmise as to the meaning of this chart." (R&R at 13-14).

In response, plaintiffs have submitted two additional declarations, the Second Declaration of Theresa Cody ("Cody 2d Decl.") and the Second Declaration of Ken Jones ("Jones 2d Decl."), each filed on March 31, 2009. Ms. Cody, an employee of the plaintiff trust funds, states that audit #05-0218 was performed with Federal's cooperation in accordance with standard procedures used by the Funds. (Cody 2d Decl. ¶¶ 6-7). A description of those procedures along with a copy of the audit is attached as Exhibit A to her declaration. Referencing Exhibit A to Ms. Cody's declaration, Mr. Jones explains that "[b]ecause Federal Metal failed to submit remittance reports for much of the audit period in Audit #05-0218 . . . , the month with the largest number of hours reported out of the last twelve remittance reports submitted to the Funds prior to February 2005, was April 2003, when Federal Metal reported 117 hours," and that this number formed the basis of his estimates. (Jones 2d Decl. ¶¶ 12-13).

Having reviewed plaintiffs' additional declarations in conjunction with their original submissions, the Court finds a sufficient basis for their estimates of delinquent contributions. It is therefore respectfully recommended that pursuant to this Court's previous R&R, if Federal fails to submit to an audit or has failed to maintain the records necessary to perform an audit,

then damages be awarded in the amount of $42,157.80.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 31, 2009

Cheryl L. Pollak
United States Magistrate Judge